UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUN GUO,

                         Plaintiff,

       -against-

MARJORIE MAE PERRY,

                        Defendant.

23 Civ. 0119 (PAE)

ORDER

PAUL A. ENGELMAYER, United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action on the basis of diversity jurisdiction, asserting a state-law conversion claim against defendant. Dkt. 1. By order dated January 20, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). Dkt. 4.

    Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

    But Plaintiff has not provided an address at which Defendant may be served.[2] The Court therefore directs Plaintiff, within 30 days, to provide the Court with an address where Defendant

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

[2] Plaintiff lists only that Defendant resides in Illinois.

Marjorie Mae Perry may be served. Upon receipt of that information, the Court will direct the issuance of a summons and service by the Marshals Service.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

When plaintiff filed his complaint, he also filed an application for the court to request counsel. Dkt. 3. The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, plaintiff's efforts to obtain a lawyer, and plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, the Court denies plaintiff's request for counsel at docket 3 without prejudice to renewal at a later date.

## CONCLUSION

The Court directs Plaintiff, within 30 days, to provide the address where Defendant may be served. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss this action without prejudice.

The Clerk of the Court is respectfully directed to terminate the motion at docket 3. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge*

*v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: January 23, 2023
        New York, New York

                                              PAUL A. ENGELMAYER
                                              United States District Judge