UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/29/2024

LUN GUO,

                          **Plaintiff**,                        23-CV-00119 (DEH)(SN)

       -against-                                    **ORDER**

MARJORIE MAE PERRY,

                          **Defendant**.

-------------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

      Plaintiff brings a fraud claim against Defendant under New York law. This case sits in federal court pursuant to Plaintiff's assertion of diversity jurisdiction. In Plaintiff's complaint, he claims that he is a citizen of China, and that Defendant is a citizen of Illinois. ECF No. 2. Defendant filed a motion to dismiss disputing Plaintiff's claim of diversity jurisdiction. ECF No. 26. According to Defendant, both she and Plaintiff were citizens of New York when he filed his complaint.

      Defendant also moves to dismiss Plaintiff's fraud claims on the merits. Federal courts, however, "must 'verify the existence of subject-matter jurisdiction before proceeding to the merits.'" Embiata v. Farmers Ins. Corp., 848 F. App'x 27, 29 (2d Cir. 2021). Accordingly, the Court must decide the subject-matter jurisdiction issue before reaching Defendant's merits arguments.

      Diversity jurisdiction exists only "where the matter in controversy exceeds the sum or value of $75,000," and where the parties are either "citizens of different States" or "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a). If, however, the citizen of

the foreign state is "lawfully admitted for permanent residence in the United States and [is] domiciled in the same State" as the other party, diversity will be destroyed. Id. "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile." Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000). A person's domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Id. Whether federal diversity jurisdiction exists "is determined by examining the citizenship of the parties at the time the action is commenced." Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998).

"[T]he party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction." Id. "That party must allege a proper basis for jurisdiction in his pleadings and must support those allegations with 'competent proof' if a party opposing jurisdiction properly challenges those allegations." Id. Because Defendant has properly challenged Plaintiff's claim of diversity of citizenship, Plaintiff must provide proof that, on January 5, 2023, when he filed his federal complaint, there existed diversity of citizenship. If Plaintiff fails to submit competent evidence, the Court will dismiss this case for lack of subject-matter jurisdiction. Although Plaintiff bears the burden of proof, Defendant may also submit proof of citizenship to rebut Plaintiff's evidence.

The parties are advised that courts routinely consider the following factors when evaluating citizenship: "the party's current residence; voter registration and voting practices; situs of real and personal property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; payment of taxes; as well as several other aspects of human life and activity." Wright, Miller, and Cooper, § 3612, at 536-41. In addition to

documentation relevant to those factors, the parties may submit sworn affidavits explaining: (1) whether, as of January 5, 2023, they were U.S. citizens or permanent residents; (2) their home addresses as of January 5, 2023; (3) where they intended to return to as of January 5, 2023; and (4) any other information they believe is relevant to the Court's consideration of diversity jurisdiction. Plaintiff shall file such evidence by April 9, 2024. Defendant may file rebuttal evidence by April 16, 2024.

The Court acknowledges that the parties are married and have previously sought orders of protection against each other in family court. ECF No. 8. If either party feels uncomfortable or unsafe publicly filing their past or current home address, they may redact the street number and name from their public filing and email an unredacted version to the Court *ex parte*. Any such *ex parte* communications should be sent to Netburn_NYSDChambers@nysd.uscourts.gov. If the parties opt to share their addresses *ex parte*, the Court will keep those addresses confidential.

## CONCLUSION

By April 9, 2024, Plaintiff shall file evidence supporting his claim of diversity of citizenship. By April 16, 2024, Defendant may file rebuttal evidence.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:    March 29, 2024
          New York, New York