UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUN GUO,<br><br>                    Plaintiff,<br><br>           v.<br><br>MARJORIE MAE PERRY,<br><br>                    Defendant. | 23-CV-119 (DEH)(SN)<br><br>ORDER |

DALE E. HO, United States District Judge:

In this action, Plaintiff Lun Guo ("Plaintiff"), proceeding *pro se*, brought a state law fraud claim against Marjorie Mae Perry ("Defendant"). On September 1, 2023, Defendant, also proceeding *pro se*, filed a motion to dismiss. *See* ECF No 26. An Amended Order issued September 5, 2023, referred this case to Magistrate Judge Sarah Netburn for General Pretrial and Dispositive Motion. *See* ECF No. 27. On October 25, 2024, Judge Netburn issued a Report and Recommendation, recommending that Defendant's motion to dismiss be granted and that Plaintiff be granted leave to amend his Complaint. *See* ECF No. 52.

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party

makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g., Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had 14 days from service of the Report and Recommendation to file any objections and warned that failure to timely file such objections would result in waiver of any right to object. In addition, it expressly called Defendant's attention to Rule 72 of the Federal Rules of Civil Procedure and Title 28, United States Code, Section 636(b)(1). Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, Defendant has waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Despite the waiver, the Court has reviewed the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law. Accordingly, the Report and Recommendation is adopted in its entirety.

The Clerk of Court is respectfully directed to mail a copy of this order to the *pro se* Plaintiff and the *pro se* Defendant.

SO ORDERED.

Dated: April 8, 2025
New York, New York

DALE E. HO
United States District Judge